### In re FOR-HIRE PERMIT HOLDERS IN GREATER MIAMI
No. 8603-FH.

Florida Public Service Commission.

October 27, 1966.

26

Victor H. Eskenas, Miami, for the respondent Granlatina de Turismo Corp.

George Kastenbaum, Miami Beach, for Central Taxi Co., E & B Corporation, Yellow Taxicab of Miami Beach, and Lincoln Road Merchants Association, protestants.

Phillip Schiff, Miami, for Yellow Cab of Miami, Airport Limousine Service, Inc., Associated Diamond Cabs, Gray Lines, Red Top Sedan Service, and Wylly's Tour, protestants.

Prentice P. Pruitt, Tallahassee, for the commission and the public generally.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILLIAM T. MAYO participated in the disposition of this matter.

BY THE COMMISSION.

On July 18, 1966 the commission entered order no. 7278 in docket no. 8603-FH, and therein required that A. M. Arostegui, d/b/a American Tours, 9101 S. W. 82nd Avenue, Miami; Carlos de Mena, 305 N. E. First Street, Miami; Carlos A. de la Guardia and Ines P. de la Guardia, d/b/a Dixie Tours, 303 N. E. Second Street, Miami; Segundo Fernandez Nevot, d/b/a Fergis Travel Service, 336 Biscayne Boulevard, Miami; Granlatina de Turismo Corp., 10 N. E. Third Avenue, Miami; and Foreign Language Limousine Service, Inc., 228 Plaza Building, 245 S. E. First Street, Miami, appear before the commission on the 9th day of August, 1966, at 9 A.M., in the City Council Chambers, City Hall, 1120 Washington Avenue, Miami Beach, for examination by the commission for the purpose of determining whether or not they, or any of them, were guilty of operating beyond the scope of the authority granted in their respective for-hire permits; to show cause why their respective operations do not constitute common carriage as defined by chapter 323, Florida Statutes, and the applicable rules and regulations of this commission; and further show cause why their respective for-hire permits should not be rescinded, cancelled, amended or revoked by order of this commission, and/or why a penalty or fine should not be imposed by the commission for their respective violations, if any, of the aforesaid statute and rules and regulations of this commission governing for-hire carriage.

On August 9, 1966 the commission held a public hearing in Miami Beach for the purpose of determining whether or not any of the aforesaid for-hire permit holders named in the above order were, in fact, guilty of operating beyond the scope of the authority granted in their respective for-hire permits.

The legislature of the state of Florida has defined for-hire carriage as follows in section 323.01(9), Florida Statutes —

(9) For hire means any motor carrier engaged in the transportation of persons or property over the public highways of this state for compensation, which is not a common carrier or contract carrier but transports such persons or property in single, casual and nonrecurring trips. For hire carriage shall not be deemed to include charter carriage as herein defined and no for hire carriage of passengers shall be authorized by any permit as herein defined and issued by the commission under the provisions of this chapter in motor vehicles of a greater passenger-carrying capacity than nine, including the driver or chauffeur.

The word "casual" is defined as a happening or coming to pass without design, and without being foreseen or expected; coming by chance.

The uncontroverted evidence, with minor variations and exceptions, adduced at the above hearing clearly shows that each of the permit holders, through their agents or representatives in Latin American countries clearly solicit and arrange for the transportation service that is to be rendered by the permit holder upon the arrival of the Latin American tourist in the state of Florida. This transportation service, generally stated, is purchased in advance as a portion of the "package tour" and the price of the transportation service is included in the tour ticket. It is interesting to note that in the event any of the tourists after arrival in the state of Florida who may decide that they do not want to take one of the tours offered by the for-hire permit holder, will receive a refund from the price of his package tour after the tourist returns home. This applies to all of the permit holders and it appears that this practice constitutes the selling of individual fares and in this regard the same smacks of "common carriage rather than for-hire."

No useful purpose will be served here by attempting to delineate all of the evidence and testimony taken and heard at the hearing in this matter. However, the commission feels that it is necessary to set forth in some detail the operation of each of the permit holders involved in this investigation and order. Therefore, the commission finds as follows —

(a) A. M. Arostegui, d/b/a Americana Tours, the holder of for-hire permit no. 1114, represented to the commission that he would operate "my vehicle for-hire only on a casual, non-recurring and unsolicited basis, not common carriage or contract carriage. I will depend on my friends of many years to give me trips within Greater Miami and to points of interest within the state of Florida. I will haul only Spanish-speaking and Portuguese-speaking tourists, most of whom are known to me personally for many years . . ."

Mr. Arostegui testified in his own behalf and it was clear that he certainly did not depend upon "friends of many years to give me trips within Greater Miami." His testimony clearly revealed that he had a travel agency and that said travel agency worked in conjunction with other travel agents in South American countries, and that coupons were given to the passenger-tourists and Mr. Arostegui was apprised of the itinerary of the passenger-tourists and contacted them here in the Greater Miami area.

His violation is twofold — (1) He does not transport passengers on casual, non-recurring, unsolicited trips. It is naive to say the passengers are unsolicited. They are solicited either by him or by his agents, the South American tourist agencies. (2) If they bring their coupons and present their coupons to him under his for-hire permit, then he is transporting in common carriage on a per capita and per ticket basis.

(b)   Carlos de Mena, the holder of for-hire permit no. 1326, was granted a for-hire permit authorizing the transportation of Spanish and/or Portuguese passengers . . . on a casual, unsolicited and non-recurring basis. In his application, Mr. de Mena stated that "I am going to operate my vehicle for-hire only on a casual, non-recurring and unsolicited basis, not common carriage or contract carriage." The evidence presented at the hearing revealed that all of Mr. de Mena's business is solicited, either by himself, his drivers, or through use of the travel agency he has in conjunction with the travel agents in South American countries. The evidence also revealed that the passenger-tourists come into this country with coupons and that he transports them on a per capita, per ticket basis so that, in effect, his transportation operation is not for-hire but common carriage, and clearly solicited.

(c)   Carlos A. de la Guardia and Ines P. de la Guardia, d/b/a Dixie Tours, holders of for-hire permit no. 1129, also doubly violate the authorization granted by the commission, in that the evidence, including testimony by Mr. de la Guardia himself, revealed that his business is all solicited and that his customers give him coupons on a per capita, per ticket basis, which indicates a common carriage operation, and certainly not a for-hire transportation operation.

(d)   Segundo Fernandez Nevot, d/b/a Fergis Travel Service, the holder of for-hire permit no. 1323, also violates the authorization granted by the commission in that, like all the others, his business is solicited and the coupons he receives indicate a common carriage operation. Further, like all the others, it is clear from the evidence that his vehicles are not hired by passenger-tourists.

(e)   Granlatina de Turismo, Corp., holder of for-hire permit no. 1262, stated in its application that it would not solicit and the evidence from all parties concerned clearly indicated that its business *is* solicited and that none of the vehicles are hired by passenger-tourists as was intended when the commission authorized the issuance of the for-hire permit, so as to fall within the

category of a for-hire permit as indicated by the definitive part of Florida Statute 323.01 and Florida Statute 323.05(2).

(f) Foreign Language Limousine Service, Inc., holder of for-hire permit no. 1216, stated that it would operate its vehicles "for-hire, on a casual, non-recurring and unsolicited basis, not common carriage or contract carriage." They further stated that they hoped to take tourists anywhere in the state of Florida, from the Greater Miami area.

Neither this applicant, nor any of the other applicants, indicated that they transport passengers anywhere outside of Dade County, although this is unimportant regarding the law and the facts. The relevant facts clearly developed at the hearing on August 9, indicated that this respondent, like the rest, solicits its passengers, either through use of its dual hat, Foreign Language Limousine Service Travel Agency, or in conjunction with travel agencies in South America.

Also, the evidence revealed that their vehicles are not hired, but that they obtain the itineraries of the passenger-tourists and contact these passenger-tourists for the purpose of picking up these coupons so that they can be later paid by the travel agents in South America. It is not for-hire transportation and is not unsolicited, but is solicited and common carriage.

From the foregoing findings of fact the commission finds herein that each of the named permit holders are guilty of operating beyond the scope of their respective authorities granted in their applications for for-hire permits; that their transportation operations, as conducted, constitute common carriage as defined by chapter 323, Florida Statutes, and the applicable rules and regulations of this commission.

It is therefore ordered that for-hire permit no. 1114 issued to A. M. Arostegui, d/b/a Americana Tours, 9101 S. W. 82nd Avenue, Miami, pursuant to order no. 5894, entered in docket no. 7114-FH, be and the same is hereby revoked. It is further ordered that for-hire permit no. 1326 issued to Carlos de Mena, 305 N. E. First Street, pursuant to order no. 7035, entered in docket no. 8336-FH, is hereby revoked. It is further ordered that for-hire permit no. 1129 issued to Carlos A. de la Guardia and Ines P. de la Guardia d/b/a Dixie Tours, 190 S. E. Third Avenue, Miami, pursuant to order no. 5986, entered in docket no. 7250-FH, is revoked. It is further ordered that for-hire permit no. 1323 issued to Segundo Fernandez Nevot, d/b/a Fergis Travel Service, 336 Biscayne Boulevard, Miami, pursuant to

order no. 7112, entered in docket no. 8381-FH, is revoked. It is further ordered that for-hire permit no. 1262 issued to Granlatina de Turismo Corp., 10 N. E. Third Avenue, Miami, pursuant to order no. 6426, entered in docket no. 7377-FH, is revoked. It is further ordered that for-hire permit no. 1216 issued to Foreign Language Limousine Service, Inc., 228 Plaza Building, 245 S. E. First Street, Miami, pursuant to order no. 6225, entered in docket no. 7438-FH, is revoked.